COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-347-CR
 
  
RON 
PAUL BESSIRE                                                               APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        After 
a bench trial, the trial court convicted Appellant Ron Paul Bessire of 
aggravated robbery with a deadly weapon and possession of a firearm by a felon. 
The trial court found the enhancement allegation to be true and sentenced 
Bessire to twenty-eight years’ confinement for the aggravated robbery offense 
and twenty years’ confinement for the possession offense. In a single point, 
Bessire challenges the factual sufficiency of the evidence to support his 
conviction. We affirm.
II. Factual 
Background
        On 
December 23, 2002, security personnel at a Super Target in Arlington observed 
Bessire conceal several boxes of cold and allergy medicine in his clothes. Paul 
Brennan, a security officer, waited just outside one of the entrances, and 
Travis Schreier, another security officer, followed Bessire as he walked through 
the store. Brennan, who was wearing his Target uniform, approached Bessire after 
Bessire passed all points of sale without paying for the merchandise and 
attempted to exit the store. Bessire pulled a gun from his waistband, pointed it 
at Brennan, and said something that included the instruction, “get the f . . . 
out of the way.” Schreier saw Brennan back away after he observed Bessire 
extend his hand toward Brennan and make an “aggressive move” in his 
direction. At this instant, Schreier grabbed Bessire from behind, put his arms 
around Bessire’s torso area, and forced him to the ground. Bessire told 
Schreier, “Get the f . . . off me. I’ve got a f . . . gun.”
        Jaime 
Ayala, an off-duty Arlington police officer, had just entered Target and saw the 
security personnel attempting to detain Bessire. Officer Ayala went over to 
provide assistance, at which point Bessire told him, “I will shoot you.” 
Realizing the gravity of the situation, Officer Ayala dove under Bessire to try 
and retrieve the gun. Bessire repeated his threat to Officer Ayala multiple 
times. Tony Nixon, an off-duty DFW Airport officer, saw the struggle and heard 
Officer Ayala say that he was an officer in distress and that Bessire had a gun. 
Officer Nixon identified himself as a police officer and joined the struggle. As 
multiple people attempted to restrain Bessire, Officer Ayala wrestled with him 
for control of the gun, which he was able to eventually take away from Bessire.
        Bessire 
was arrested, and authorities retrieved over one hundred dollars worth of 
merchandise from his person. A subsequent inspection of the gun revealed that it 
had one round in the chamber and multiple rounds in the magazine clip. A portion 
of the incident was caught on one of Target’s surveillance cameras. Bessire 
testified that he entered the store with only the intent to shoplift, that he 
never pointed the gun at anyone, and that he never threatened anyone.
III. Evidence 
Factually Sufficient—Deadly Weapon
        Bessire 
argues that factually insufficient evidence exists to support his conviction 
because the evidence that he used or exhibited a pistol is offset by contrary 
evidence so strong that the State could not have met its burden of proving use 
of a deadly weapon beyond a reasonable doubt. Thus, Bessire challenges the 
evidence underlying the aggravating element of the robbery. As support for this 
argument, he contends that the surveillance videotape does not show him pointing 
the gun at Brennan and that the gun had merely “fallen from his waistband . . 
. when he was violently tackled.”
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt. Id. at 484. There are two ways 
evidence may be factually insufficient: (1) the evidence supporting the verdict 
or judgment, considered by itself, is too weak to support the finding of guilt 
beyond a reasonable doubt; or (2) when there is evidence both supporting and 
contradicting the verdict or judgment, weighing all of the evidence, the 
contrary evidence is so strong that guilt cannot be proven beyond a reasonable 
doubt. Id. at 484-85. “This standard acknowledges that evidence of 
guilt can ‘preponderate’ in favor of conviction but still be insufficient to 
prove the elements of the crime beyond a reasonable doubt.” Id. at 485. 
In other words, evidence supporting a guilty finding can outweigh the contrary 
proof but still be insufficient to prove the elements of an offense beyond a 
reasonable doubt. Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses. Id. at 481; Cain v. State, 958 S.W.2d 
404, 407 (Tex. Crim. App. 1997). We may not substitute our judgment for that of 
the fact finder’s. Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the evidence. Id. 
at 484, 486-87. An opinion addressing factual sufficiency must include a 
discussion of the most important and relevant evidence that supports the 
appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 
(Tex. Crim. App. 2003).
        A 
person commits robbery if, in the course of committing a theft with the intent 
to obtain or maintain control of the property, he intentionally or knowingly 
threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a)(2) 
(Vernon 2003). A person commits aggravated robbery if he commits robbery and 
uses or exhibits a deadly weapon. Id. § 29.03(a)(2).
        In 
the instant case, Brennan testified that as he approached and made eye contact 
with Bessire, Bessire pulled a gun from his waistband, pointed it at him, and 
instructed him to “get the f . . . out of the way.” Schreier observed 
Bessire make an aggressive move and extend his hand towards Brennan. Fearing for 
his life, Brennan shielded himself and backed away just before Schreier subdued 
Bessire. This evidence constitutes the aggravating element of the robbery.
        Bessire’s 
argument that the evidence contradicting the trial court’s finding that he 
used or exhibited a weapon is so strong that guilt cannot be proven beyond a 
reasonable doubt is not supported by the evidence. The fact that the 
surveillance video does not show Bessire using or exhibiting the gun does not 
negate Brennan’s and Schreier’s testimony concerning the same. Moreover, 
Officer Ayala heard a woman scream, “Oh, my God, he has a gun.” This not 
only lends credibility to Brennan’s and Schreier’s testimony that Bessire 
brandished the gun, making it visible to others nearby, it is contrary to 
Bessire’s testimony that he had the gun in his pants (concealed by his shirt 
and a fanny pack) and that the gun fell out underneath him when he was subdued. 
Furthermore, Bessire threatened to shoot Officer Ayala multiple times during the 
struggle. These statements support Brennan’s and Schreier’s testimony by 
indicating Bessire’s willingness to use the gun.
        The 
trial court, as the fact finder, considered the evidence, evaluated the 
credibility of the witnesses, and ultimately resolved the conflicts in the 
testimony against Bessire—as it was entitled to do. See Zuniga, 144 
S.W.3d at 481. Viewing all of the evidence in a neutral light and giving 
deference to the trial court’s determinations, the trial court was rationally 
justified in finding guilt beyond a reasonable doubt; the evidence that Bessire 
did not use or exhibit a deadly weapon is not so strong that guilt cannot be 
proven beyond a reasonable doubt. Id. at 484-85. Accordingly, we hold 
that the evidence is factually sufficient to support Bessire’s conviction, and 
we overrule Bessire’s sole point.
IV. Conclusion
        Having 
overruled Bessire’s sole point, we affirm the trial court’s judgment.
   
                                                                  PER 
CURIAM
 
 
  
PANEL 
F:   LIVINGSTON, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 29, 2005.


NOTES
1. 
See Tex. R. App. P. 47.4.